UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

CASE NO. 84-20076
16-50662
HON. DENISE PAGE HOOD

v.

SHIRLEY ROSS,

    Defendant.
_____/

**ORDER DENYING MOTION FOR EXPUNGEMENT [#2]**

## I.    INTRODUCTION

Defendant Shirley Ross was charged with a federal misdemeanor for theft in 1984. She was sentenced to 36 months probation, which terminated in 1987. Defendant was charged in 45th District Court with a felony in 1995 for Assault with a Dangerous Weapon under MCL 750.82 and Sentence Enhancement/2nd Offense under MCL 769.12(2nd). In 1996, Defendant's motion for dismissal in the 45th District Court case was granted and it was dismissed with prejudice. On May 5, 2016, Defendant filed a motion for expungement of "her prints and case information" so that she could secure employment with GCA Services for the Rochester School District.

## II.    ANALYSIS

In 2010, the Sixth Circuit Court of Appeals held that a district court does not have jurisdiction to consider a party's expungement motion. *See United States v. Lucido*, 612 F.3d 871 (6th Cir. 2010) (citing *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (As "courts of limited jurisdiction," federal courts

"possess only that power authorized by Constitution and statute" and may not expand that power "by judicial decree.")). In *Lucido*, the court identified "three possible avenues" for finding jurisdiction: (1) "does the court's original jurisdiction over [Defendant]'s criminal cases provide the requisite jurisdiction?;" (2) if the statute pursuant to which she was charged does "not directly empower the district court to entertain this expungement motion, is there any other statute that does?;" and (3) if neither the statute pursuant to which she was charged "nor any other federal statute directly empowers district courts to entertain expungement motions, is it possible that [the statute under which she was charged] *indirectly* does so?" *Lucido*, 612 F.3d at 873-74.

Defendant has not set forth, and the Court does not find, any argument or facts that would satisfy any of the three possible avenues for this Court to exercise jurisdiction to consider her motion. The Court concludes that it lacks the authority to review this case on the merits and must deny Defendant's Motion for Expungement.

### III. CONCLUSION

Accordingly,

IT IS HEREBY ORDERED that Defendant's Motion for Expungement [#2] is **DENIED**.

IT IS ORDERED.

S/Denise Page Hood
Denise Page Hood
Chief Judge, United States District Court

Dated: October 4, 2016

I hereby certify that a copy of the foregoing document was served upon counsel of record on October 4, 2016, by electronic and/or ordinary mail.

S/LaShawn R. Saulsberry
Case Manager